■ 425 PARK AVENUE COMPANY, Respondent, v 425 PARK AVENUE GROUND LESSEE L.P., Appellant, et al., Defendants. [895 NYS2d 336]—

The parties' lease obligated plaintiff tenant to restore or replace any part of the demised premises damaged or destroyed by fire "as nearly as possible to its value, condition and character immediately prior to such damage or destruction." Defendant landlord's withholding of its consent to the proposed restoration plans was unreasonable. We reject defendant's argument that it reasonably withheld its consent based on safety concerns regarding plaintiff's plan for the restoration. The plan was approved by the New York City Department of Buildings'

Electrical Advisory Board, the agency charged with oversight of electrical installations, and there is no evidence to indicate that the approval was irrational or unreasonable (*see Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d 413, 418-419 [1998]).

We also reject defendant's argument that the general lease provision obligating plaintiff to keep and maintain the premises "in first class order, repair and condition" requires plaintiff to upgrade the electrical system as part of the restoration it undertook pursuant to the specific lease provision governing the scope of its obligation to repair fire damage (*Greenwich Ins. Co. v Volunteers of Am.-Greater N.Y., Inc.*, 62 AD3d 557 [2009]; *Bank of Tokyo-Mitsubishi, Ltd., N.Y. Branch v Kvaerner a.s.*, 243 AD2d 1, 8 [1998]).

Although the lease provides that defendant will not be required to pay for any work associated with plaintiff's obligation to repair fire damage and restore the premises, installation of the telecommunications wiring and conduit demanded by defendant exceeded the scope of plaintiff's contractual duty. Moreover, the parties stipulated that while plaintiff would proceed with restorative work that included installation of the telecommunications upgrades demanded by defendant, the issue of whether defendant would be liable for all or part of the costs associated with the upgrades would be determined in this action. In any event, having breached the lease by unreasonably withholding its consent, defendant is liable on this independent ground for the costs associated with the upgrade. Concur—Andrias, J.P., McGuire, Moskowitz, Freedman and Román, JJ.